UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

Lavender, Tagshier individually and on behalf of all similarly situated descendants of Sampson Shippen,
Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA; LANCASTER COUNTY, PENNSYLVANIA; DAUPHIN COUNTY, PENNSYLVANIA; CITY OF HARRISBURG, PENNSYLVANIA; and JOHN DOES 1–10,
Defendants.

CIVIL ACTION NO.: 1:25-CV-1659

JURY TRIAL DEMANDED

FILED
HARRISBURG, PA
SEP 04 2025
PER _____
DEPUTY CLERK

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

(18 U.S.C. § 1962 – RICO; 42 U.S.C. § 1983 – CIVIL RIGHTS)

INTRODUCTION

1. This action seeks redress for the unlawful and racially motivated dispossession of real property belonging to Sampson Shippen, a free Black man of Dauphin County, Pennsylvania, whose 161-acre estate was taken through a fraudulent Orphans' Court proceeding in 1861.

2. Through a combination of fabricated debts, sham legal proceedings, and insider enrichment, Defendants and their predecessors stripped Mr. Shippen's heirs of land whose present value is estimated in the billions of dollars.

3. The wrongful acts have been perpetuated and concealed for over 160 years, depriving Plaintiff and all similarly situated descendants of their constitutional rights, and constitute a continuing

violation actionable under the Racketeer Influenced and Corrupt Organizations Act (RICO) and 42 U.S.C. § 1983.

THE PARTIES

4. Plaintiff Lavender, Tagshier K is a direct descendant of Sampson Shippen and brings this action individually and on behalf of a class of similarly situated descendants. Plaintiff resides at 3230 S Gessner Rd Apt 1912, Houston, Tx.

5. Defendant Commonwealth of Pennsylvania operated the Orphans' Court system through which the fraudulent taking occurred. Service may be made through the Pennsylvania Attorney General, Office of Attorney General, Strawberry Square, Harrisburg, PA 17120.

6. Defendant Lancaster County, Pennsylvania operated the Orphans' Court where the fraudulent proceeding was conducted. Service may be made at the Lancaster County Government Center, 150 N. Queen Street, Lancaster, PA 17603.

7. Defendant Dauphin County, Pennsylvania is where the 161-acre tract was located and continues to benefit from its development. Service may be made at the Dauphin County Administration Building, 2 South Second Street, Harrisburg, PA 17101.

8. Defendant City of Harrisburg, Pennsylvania has benefited from the unlawful use, development, and taxation of the stolen land. Service may be made through the City Solicitor, Harrisburg City Hall, 10 N. Second Street, Harrisburg, PA 17101.

9. Defendants John Does 1–10 are presently unknown individuals and entities who participated in, benefited from, or continue to conceal the fraudulent taking, including heirs and successors of administrator Thompson Brubaker, attorney N. Ellmaker, and purported creditor Elizabeth Burkholder. Plaintiff will amend this Complaint once their identities are known.

JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under federal law, including RICO (18 U.S.C. § 1962) and 42 U.S.C. § 1983.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the property at issue is located herein.

FACTUAL ALLEGATIONS

12. At the time of his death in March 1861, Sampson Shippen owned a 161-acre estate in Lower Swatara Township, Dauphin County, Pennsylvania.

13. Following his death, the estate was brought before the Lancaster County Orphans' Court, which appointed Thompson Brubaker as administrator.

14. On or about September 28, 1861, Brubaker advertised the public sale of a portion of the estate, including an improved acre in Lancaster County. (See Exhibit A, Newspaper Notice).

15. On August 13, 1862, Brubaker filed an Administrator's Account, showing the entire estate sold for only $3,170. (See Exhibit B, Administrator's Account).

16. The Account reveals that nearly the entire value of the estate was siphoned away in fees and expenses paid to insiders, including Brubaker and attorney N. Ellmaker, with the balance applied to a purported judgment of Elizabeth Burkholder dated September 20, 1859.

17. This "judgment" predates Sampson Shippen's death by nearly two years, and no evidence exists that it was valid, lawful, or enforceable. It appears to have been fabricated as a pretext to strip the estate of all value.

18. Plaintiff's family and all descendants of Sampson Shippen have been deprived of their rightful inheritance for over 160 years, while Defendants and their predecessors have reaped unjust benefit.

19. Defendants have consistently refused to investigate, acknowledge, or remedy the fraud, thereby perpetuating an ongoing deprivation of rights.

COUNT I – VIOLATION OF RICO (18 U.S.C. § 1962(c))

20. Plaintiff incorporates by reference paragraphs 1–19.

21. Defendants and their predecessors constituted an enterprise engaged in interstate commerce within the meaning of 18 U.S.C. § 1961(4).

22. The enterprise engaged in a pattern of racketeering activity, including but not limited to mail fraud, wire fraud, obstruction of justice, and honest services fraud, in connection with the fraudulent taking and continued concealment.

23. This pattern has continued into the present through Defendants' ongoing benefit from the stolen property and refusal to rectify the fraud.

24. As a direct result of Defendants' racketeering activity, Plaintiff and the class have suffered injury to business and property.

COUNT II – DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

25. Plaintiff incorporates by reference paragraphs 1–19.

26. Defendants, acting under color of state law, deprived Plaintiff and the class of their rights under the Fourteenth Amendment, including rights to due process and equal protection.

27. The deprivation was racially motivated and has been continuous, as Defendants persist in denying justice and benefiting from the wrongful acts.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants, jointly and severally, as follows:

A. Compensatory damages in an amount reasonably believed to exceed $5,000,000,000, exact amount to be proven at trial;
B. Treble damages as provided by RICO;
C. Pre- and post-judgment interest at the legal rate;
D. Equitable relief, including the imposition of a constructive trust or disgorgement of unjust enrichment from the stolen property;
E. Declaratory relief that the 1861–1862 estate sale was fraudulent and void ab initio;
F. Attorney's fees and costs;
G. Such other relief as this Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Tagshier K Lavender*

Lavender, Tagshier K
3230 s gessner Rd Apt 1912, Houston, Tx 77063
640-529-1486
Tagshier_Lavender@yahoo.com