IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAGSHIER LAVENDER, | : Civil No. 1:25-CV-1659 |
| Plaintiff, | : |
| v. | : (Judge Wilson) |
| | : (Chief Magistrate Judge Bloom) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

I. Factual Background

This case comes before us for a screening review of the plaintiff's *pro se* civil complaint.[1] The plaintiff, Tagshier Lavender, filed this action on behalf of himself and other descendants of a man named Sampson Shippen.[2] Lavender alleges that the Commonwealth of Pennsylvania, Lancaster County, Dauphin County, the City of Harrisburg, and 10 John Doe defendants stripped Lavender and the others of land rightfully owed to them as descendants of Shippen through sham legal proceedings in 1861.[3] Lavender contends that Shippen owned a 161-acre plot of land in

---

[1] Doc. 1.
[2] *Id.*
[3] *Id.*

Dauphin County, and after his death in 1861, the administrator of his estate, along with other individuals known and unknown, "siphoned away" the value of the estate by putting it toward fees, expenses, and a purportedly invalid judgment.[4] As a result, Lavender contends that he and Shippen's other heirs have been "deprived of their rightful inheritance for over 160 years[.]"[5]

Thus, Lavender brings claims against the Commonwealth, Lancaster and Dauphin Counties, the City, and the John Doe defendants, under the Racketeer Influenced and Corrupt Organizations ("RICO") Act and 42 U.S.C. § 1983, alleging violations of his due process and equal protection rights.[6]  As relief, he requests five billion dollars in compensatory damages, as well as equitable and declaratory relief.[7]

Along with this complaint, Lavender filed a motion for leave to proceed *in forma pauperis* ("IFP").[8] We will recommend that the motion for leave to proceed IFP be granted for screening purposes only, but after consideration, we will recommend that this complaint be dismissed.

---

[4] *Id.* ¶¶ 12-17.
[5] *Id.* ¶ 18.
[6] *Id.* ¶¶ 20-27.
[7] *Id.* at 5.
[8] Doc. 4.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*.[9] We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted.[10] This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[11]

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[12] In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true and accept "all reasonable inferences that can be drawn

---

[9] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).
[10] *Id.*
[11] Fed. R. Civ. P. 12(b)(6).
[12] Fed. R. Civ. P. 8(a)(2).

from them after construing them in the light most favorable to the non-movant."[13] However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[14]

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[15]

---

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).
[14] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").
[15] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[16] A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[17] Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[18] However, the court may not rely on any other part of the record when deciding a motion to dismiss.[19]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial

---

[16] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).
[17] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).
[18] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).
[19] *Jordan*, 20 F.3d at 1261.

justice.'"[20] We must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[21]

### B. This Complaint Should be Dismissed.

After review, we conclude that the complaint fails to state a claim upon which relief can be granted and should be dismissed. At the outset, to the extent Lavender is attempting to bring this suit as a class action on behalf of other individuals, the Third Circuit has found that "a pro se litigant may not represent the interest of a class in a class action lawsuit."[22] Accordingly, because Lavender is proceeding in this action pro se, he may not represent the interests of others in the purported class.

More fundamentally, Lavender's complaint fails to state claims under Section 1983 or the RICO Act against the defendants. As to Lavender's Section 1983 claims against the Commonwealth, any such claims would be barred by the Eleventh Amendment. The Eleventh Amendment provides sovereign immunity to states and state agencies

---

[20] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).
[21] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).
[22] *Ezekoye v. Ocwen Federal Bank FSB*, 179 F. App'x 111, 113 (3d Cir. 2006).

that are sued by citizens in federal court.[23] The Commonwealth's immunity exists as a matter of law unless that immunity is waived or abrogated by Congress, and the Commonwealth has expressly invoked its Eleventh Amendment immunity.[24] Accordingly, Lavender's Section 1983 claims against the Commonwealth are barred by the Eleventh Amendment.

Lavender's complaint also fails to state a Section 1983 claim against Lancaster County, Dauphin County, and the City of Harrisburg. Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[25]

Therefore, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of

---

[23] *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).
[24] 42 Pa. Cons. Stat. § 8521(b).
[25] *See* 42 U.S.C. § 1983.

the United States."[26] Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."[27]

A municipal entity may be liable for a constitutional violation under Section 1983 if the violation was a direct result of the entity's policy, custom, or practice.[28] However, an entity may not be held liable "solely because injuries were inflicted by its agents or employees."[29] Rather, a plaintiff must demonstrate a "direct causal link" between the alleged constitutional violation and the municipal policy or custom.[30]

Here, Lavender's complaint falls woefully short of what is needed to state a Section 1983 claim against these municipal defendants. The complaint alleges that the "fraudulent proceeding" was conducted in Lancaster County, that Dauphin County "continues to benefit from" the land in question, and the City "has benefited from the unlawful use,

---

[26] See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).
[27] See id. (citation omitted).
[28] Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 695 (1978).
[29] Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir. 2007).
[30] City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

development, and taxation of the stolen land."[31] Other than these vague allegations, there are no facts alleged in the complaint from which we can even infer that these municipal entities had a policy or custom that resulted in a violation of the plaintiff's civil rights. Accordingly, Lavender's Section 1983 claims against these defendants fail.[32]

In a similar vein, we conclude that the complaint fails to state a Section 1983 claim against any individual defendant. Lavender names 10 John Doe defendants, vaguely alleging that these individuals played some role in the "sham" proceedings that deprived him of the land in question.[33] He asserts his Section 1983 claims under the Fourteenth Amendment, alleging due process and equal protection violations. But there is no indication that any of the John Doe defendants are state actors that would be subject to liability under Section 1983. Indeed, the only allegation purporting to identify these John Doe defendants is that they are or may be "unknown individuals and entities who participated in,

---

[31] Doc. 1 ¶¶ 6-8.
[32] We are also constrained to note that the statute of limitations for a Section 1983 claim in Pennsylvania is two years. *See Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009); 42 Pa. Cons. Stat. § 5524. While Lavender appears to assert a vague continuing violation theory, we note that the alleged unlawful conduct took place in 1861, over 160 years ago.
[33] Doc. 1 ¶ 9.

benefitted from, or continue to conceal the fraudulent taking . . ."[34] This vague averment also fails to allege any personal involvement by the John Doe defendants. Liability under Section 1983 requires a plaintiff to show that the defendant had personal involvement in the alleged constitutional violation.[35] Personal involvement may be shown through allegations regarding the defendant's own conduct, or that the defendant had knowledge of the unconstitutional conduct and acquiesced in the behavior.[36] Lavender's conclusory assertion that these unknown individuals played some unknown role in the alleged unlawful conduct is simply not sufficient to allege the personal involvement of these defendants. Accordingly, any Section 1983 claim against the individual defendants fails.

Finally, Lavender alleges a civil RICO claim, asserting that the defendants engaged in a pattern of racketeering activity, including mail and wire fraud, to deprive him of his property.[37] "RICO provides for civil actions ... by which '[a]ny person injured in his business or property' by a

---

[34] *Id.*
[35] Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).
[36] *Id.*
[37] Doc. 1 ¶¶ 20-27.

RICO violation may seek treble damages and attorney's fees."[38] RICO violations are set forth in Section 1962, and "[a] common thread running throughout § 1962 is that an injured party must demonstrate that the defendant was engaged in a 'pattern of racketeering activity.' "[39] The statute sets forth enumerated acts that constitute "racketeering activity."[40] Further, the statute requires that a plaintiff allege injury to a business or property as a result of the alleged RICO violation.[41]

Lavender alleges in an entirely conclusory fashion that the defendants engaged in a pattern of racketeering activity, including mail fraud and wire fraud.[42] "The federal mail and wire fraud statutes prohibit the use of the mail or interstate wires for purposes of carrying out any scheme or artifice to defraud."[43] This requires "some sort of fraudulent misrepresentation or omission reasonably calculated to

---

[38] Rotella v. Wood, 528 U.S. 549, 552 (2000) (quoting 18 U.S.C. § 1964(c)).
[39] Tabas v. Tabas, 47 F.3d 1280, 1289 (3d Cir. 1995) (en banc).
[40] See § 1961(1)(A)-(G).
[41] § 1964(c); Medical Marijuana, Inc. v. Horn, 604 U.S. --, 145 S. Ct. 931, 939 (2025).
[42] Doc. 1 ¶ 22.
[43] *Lum v. Bank of Amer.*, 361 F.3d 217, 223 (3d Cir. 2004).

11

deceive persons of ordinary prudence and comprehension."[44] But where a "plaintiff[] rel[ies] on mail and wire fraud as a basis for a RICO violation, the allegations of fraud must comply with Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be pled with specificity."[45]

Here, Lavender's allegations fall short of that pleading standard, where he merely alleges that the defendants sold Shippen's estate and applied money toward fees, expenses, and a judgment that Lavender claims "appears to have been fabricated as a pretext to strip the estate of all value."[46] There are no allegations that any defendant made a misrepresentation to any person, including the plaintiff, to carry out the alleged fraud, either in 1861 or at present. Rather, Lavender's allegations that the estate was stripped of its value by fraud are the sort of bare and conclusory allegations that we are not required to accept as true. Accordingly, the plaintiff's RICO claim fails.

---

[44] *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1415 (3d Cir. 1991).
[45] *Lum*, 361 F.3d at 223.
[46] Doc. 1 ¶¶ 16-17.

However, while we have concluded that the complaint does not state a claim at this time, recognizing that Lavender is a *pro se* litigant, we recommend that the court allow him an opportunity to amend his complaint to endeavor to state a claim upon which relief may be granted. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 21 days of any dismissal order.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of September 2025.

                              *s/ Daryl F. Bloom*
                              Daryl F. Bloom
                              Chief United States Magistrate Judge