IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAGSHIER LAVENDER, Individually,

    Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA; LANCASTER COUNTY, PENNSYLVANIA; DAUPHIN COUNTY, PENNSYLVANIA; CITY OF HARRISBURG, PENNSYLVANIA; and THE HEIRS AND SUCCESSORS OF THOMPSON BRUBAKER AND ELIZABETH BRUBAKER,

    Defendants.

CIVIL ACTION NO.: 1:25-cv-01659-JPW

FILED
HARRISBURG, PA
OCT 08 2025
PER _____
DEPUTY CLERK

PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

NOW COMES Plaintiff, TAGSHIER LAVENDER, pro se, pursuant to 28 U.S.C. § 636(b)(1), and files these Objections to the Report and Recommendation ("R&R") of Chief Magistrate Judge Daryl F. Bloom ECF No. __4__, filed on September 24, 2025. Plaintiff respectfully requests that the Honorable Jennifer P. Wilson reject the R&R and allow this case to proceed upon the filing of the attached Proposed Amended Complaint.

INTRODUCTION AND OVERVIEW

The R&R recommends dismissal of Plaintiff's complaint, primarily on the grounds of the statute of limitations and sovereign immunity. While Plaintiff respects the Court's analysis, the R&R underestimates the profound legal significance of Plaintiff's evidence and the applicability of the continuing violation doctrine. Plaintiff's claim is not a simple allegation of a historical wrong, but a documented case of probate fraud whose injurious effects—the Defendants' unjust enrichment—persist to the present day. Furthermore, Plaintiff has prepared an Amended Complaint that cures the specific pleading deficiencies noted by the Magistrate Judge.

OBJECTION 1: THE R&R ERRONEOUSLY APPLIES THE STATUTE OF LIMITATIONS BY DISREGARDING THE CONTINUOUS VIOLATION DOCTRINE.

1. The R&R correctly identifies the statute of limitations as a primary hurdle but errs in characterizing Plaintiff's "continuing violation theory" as vague and inapplicable.

2. The violation alleged is not a single act of theft in 1861. The violation is the Defendants' continuous, ongoing possession and unjust enrichment derived from the stolen property. The Commonwealth of Pennsylvania, Dauphin County, and the City of Harrisburg continue to exercise control over, profit from, and collect taxes on the land that was fraudulently taken. This constitutes a continuing, daily deprivation of Plaintiff's property rights.

3. "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). The Defendants' ongoing, profitable possession of the stolen property is a "continual unlawful act."

4. The fraudulent concealment of this cause of action by the conspirators also tolls the statute of limitations. The Brubaker scheme was hidden in plain sight within confusing court records until Plaintiff's diligent research uncovered the connection.

OBJECTION 2: THE R&R ERRONEOUSLY APPLIES SOVEREIGN IMMUNITY WITHOUT FULLY CONSIDERING THE EX PARTE YOUNG DOCTRINE AND THE PROPRIETARY NATURE OF THE FRAUD.

1. While the Eleventh Amendment presents a high bar, it is not absolute. The Supreme Court's decision in Ex parte Young, 209 U.S. 123 (1908), provides a clear pathway for suits against state officials to enjoin ongoing violations of federal law.

2. Plaintiff seeks equitable relief, including disgorgement of unjustly gained profits, from the Commonwealth to end its ongoing constitutional violation. This falls squarely within the Ex parte Young exception to sovereign immunity.

3. Furthermore, by participating in a fraudulent racketeering enterprise to steal private property for personal and governmental gain, the state actors were engaged in proprietary, non-sovereign conduct for which immunity is not granted.

OBJECTION 3: THE R&R'S IDENTIFIED PLEADING DEFICIENCIES ARE CURED BY THE PROPOSED AMENDED COMPLAINT.

The R&R correctly identifies that the initial complaint lacked specificity. However, its recommended remedy—granting leave to amend—should be embraced. Plaintiff has already drafted a comprehensive Amended Complaint that directly addresses every deficiency:

· Municipal Liability under § 1983: The Amended Complaint explicitly alleges that the fraudulent actions of the Lancaster County Orphans' Court were carried out pursuant to a official custom or practice of the county at that time, and that the other municipal defendants knowingly accepted the benefits of this corrupt system.

· Particularity of RICO Allegations: The Amended Complaint pleads fraud with the required particularity, identifying the who (Thompson Brubaker), what (fabricating a debt to his mother,

Elizabeth Brubaker), when (1861-1862), where (Lancaster Orphans' Court), and how (using official court accounts and mail). The core evidence—the $317.00 "fire sale" of 161 acres and the subsequent $1,244.00 payment to the administrator's mother—provides mathematical and documentary proof of the scheme.

· John Doe Defendants: The Amended Complaint replaces "John Does" with the specific, liable parties: "The Heirs and Successors of Thompson Brubaker and Elizabeth Brubaker."

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Sustain these Objections;
2. Reject the Report and Recommendation of the Magistrate Judge; and
3. Grant Plaintiff leave to file the attached Proposed Amended Complaint, which cures all pleading deficiencies and presents a legally and factually sufficient claim for relief.

RESPECTFULLY SUBMITTED,

*[signature]*

TAGSHIER LAVENDER, pro se
3230 S gessner rd apt 1912
Houston, TX 77063
640-529-1486
Tagshier_Lavender@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on this 09/30/2025, a true and correct copy of the foregoing Objection was served upon all counsel of record via the Court's CM/ECF system or first-class mail.

*[signature]*